IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MYA DUNN,<br><br>        Plaintiff,<br><br>   v.<br><br>CSK AUTO, INC., an Arizona corporation, dba SCHUCK'S AUTO SUPPLY,<br><br>        Defendant. | No. CV-05-116-HU<br><br>OPINION & ORDER |

Charese A. Rohny
CHARESE ROHNY LAW OFFICE
1515 S.W. Fifth Avenue, Suite 1010
Portland, Oregon 97204

    Attorney for Plaintiff

Joy Ellis
Adrienne W. Whitworth
GARVEY SCHUBERT BARER
121 S.W. Morrison Street
Portland, Oregon 97204-3141

    Attorneys for Defendant

HUBEL, Magistrate Judge:

    Plaintiff Mya Dunn brings this employment discrimination action against her former employer Schuck's Auto Supply. Defendant moves for summary judgment on three of plaintiff's four claims.

1 - OPINION & ORDER

Plaintiff does not dispute defendant's representation that during discovery, plaintiff withdrew her fourth claim, one for intentional infliction of emotional distress.

Both parties have consented to entry of final judgment by a Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). For the reasons explained below, I deny defendant's motion.

## STANDARDS

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987)). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. T.W. Elec. Serv. v. Pacific Elec. Contractors

2 - OPINION & ORDER

Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. T.W. Elec. Serv., 809 F.2d at 630-31.

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Id.; In re Agricultural Research and Tech. Group, 916 F.2d 528, 534 (9th Cir. 1990); California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).

## DISCUSSION

Plaintiff brings a Title VII pregnancy discrimination claim, a parallel claim under Oregon Revised Statute (O.R.S.) 659A.030, and a state common law wrongful discharge claim. I address the discrimination claims together, and then separately address the wrongful discharge claim.

I.  Discrimination Claims

Although a plaintiff is not required to defeat summary judgment by reliance on the burden shifting formula articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the parties here have relied on that formula to resolve the motion. McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1122 (9th Cir. 2004) (McDonnell Douglas burden shifting framework is a useful tool to assist plaintiffs at the summary judgment stage so that they may reach trial, but nothing compels the parties to invoke the McDonnell

3 - OPINION & ORDER

Douglas presumption). The burden-shifting framework requires the plaintiff to first establish a prima facie case of unlawful discrimination followed by the defendant articulating a legitimate, nondiscriminatory reason for its action. Id. at 1122 n.16. If the defendant does so, the plaintiff must show that the articulated reason is a pretext for discrimination. Id.; Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 658-59 (9th Cir. 2002).

Standards used to analyze federal Title VII claims apply to Oregon claims under O.R.S. Chapter 659A. E.g., Conley v. City of Lincoln City, CV-02-216-AS, 2004 WL 948427, at *3 (D. Or. Apr. 20, 2004) (citing cases for the proposition that Oregon courts consistently hold that case law developed by federal courts in the interpretation of Title VII is used to interpret Chapter 659); see also Snead v. Metropolitan Prop. & Cas. Ins. Co., 237 F.3d 1080, 1093 (9th Cir. 2001) (McDonnell Douglas applies to discrimination claims under Oregon statutes litigated in federal court); Granville v. City of Portland, Nos. CV-02-1016-HA, CV-04-1295-HA, 2005 WL 1113841, at *3 (D. Or. May 10, 2005) (citing Henderson v. Jantzen, Inc., 79 Or. App. 654, 719 P.2d 1322 (1986) for proposition that McDonnell Douglas prima facie case requirements apply to Oregon statutory discrimination claims).

A. Prima Facie Case

To establish a prima facie case of discrimination under Title VII, plaintiff must show (1) she belongs to a protected class; (2) she was performing her position in a satisfactory manner; (3) she was subjected to an adverse employment action; and (4) she was treated differently than similarly situated persons outside of her protected class. See Aragon, 292 F.3d at 658 (noting elements of

4 - OPINION & ORDER

prima facie case in Title VII race discrimination case); <u>Cleese v. Hewlett-Packard Co.</u>, 911 F. Supp. 1312, 1317 (D. Or. 1995) (noting elements of prima facie Title VII disparate treatment claim of pregnancy discrimination).

The amount of evidence required to make out a prima facie case is very little, and need not even rise to the level of a preponderance of the evidence. <u>Wallis v. J.R. Simplot Co.</u>, 26 F.3d 885, 888 (9th Cir. 1994).

Defendant concedes that plaintiff belongs to a protected class, was subjected to an adverse employment action, and was treated differently than similarly situated persons outside of her protected class. Defendant argues, however, that plaintiff cannot establish a prima facie case of pregnancy discrimination because she fails to show she was satisfactorily performing her job.

Defendant offers three separate bases for its argument. First, defendant notes that in March 2003, plaintiff received a "Corrective Action" for arriving late to work and leaving early. The action indicated that any further violation of this type would most likely result in her termination. Defendant argues that because two employees complained about plaintiff in December 2003 regarding leaving work early, taking long lunches, and not offering the in-store support expected of a store manager, plaintiff was therefore not performing her job in a satisfactory manner at the time of termination.

Defendant also notes that the March 2003 discipline took place well before plaintiff was pregnant and the complaints from her subordinates came before defendant learned she was pregnant. The problem for defendant, however, is that although the March 2003

5 - OPINION & ORDER

discipline occurred before the pregnancy at issue in the January 2004 termination, it is undisputed that plaintiff was approximately eight months pregnant with a previous pregnancy in March 2003 when that discipline occurred.

Additionally, while the December 2003 complaints from plaintiff's subordinates were made to Joe Woldrich, defendant's Regional Human Resources Specialist, before he learned that plaintiff was pregnant, there are facts in the record that are capable of creating an inference that the complaints were motivated by the subordinates' desire to retaliate against plaintiff for acts she took toward them as a supervisor, and thus, it is possible to draw the inference that their testimony about her performance may not be credible. Accordingly, there are issues of fact concerning this evidence of poor performance.

Second, defendant notes that upon investigation of the subordinates' complaints, defendant discovered that plaintiff had been fraudulently editing her time to cover up for her late arrivals and early departures from the workplace. Defendant argues that falsifying company documents by editing her own time cards to add time to her recorded entries is a second reason why plaintiff was not adequately performing her job at the time of her termination.

It is undisputed that before her termination, plaintiff worked for defendant for more than eight years. Other employees attested to her skills, conscientiousness, and work ethic. Ayers Declr. at ¶¶ 2, 3; Krantz Declr. at ¶¶ 2, 4; Kremiller Declr. at ¶¶ 2, 3. With this evidence, plaintiff creates an issue of fact regarding the satisfactory performance of her job.

6 - OPINION & ORDER

Additionally, plaintiff disputes the assertion that she was fraudulently falsifying her time cards to claim paid time for time not worked. Given the low threshold required to establish a prima facie case, and my unwillingness to give the employer the ability to defeat plaintiff's prima facie case simply by asserting its legitimate nondiscriminatory reason for its challenged action at the prima facie stage, see <u>Zive v. Stanley Roberts, Inc.</u>, 182 N.J. 436, 452, 867 A.2d 1133, 1141-42 (2005) (disapproving of a standard for the "second prong" of the <u>McDonnell Douglas</u> prima facie case standard which would place a plaintiff's qualifications and job performance at issue at both the prima facie and pretext stages of a case), I conclude that disputed issues of fact preclude awarding summary judgment to defendant at the prima facie stage of the case.

Third, defendant argues that plaintiff was not satisfactorily performing her job because she concedes that she spent time away from the store, but testified in deposition that if she was scheduled to be in the store, she should be working at that location. The record reveals, however, that there is disputed evidence about how plaintiff spent her time, what amount of time she spent away from the store, and whether she was actually violating company policy.

I conclude that plaintiff has established a prima facie case of discrimination because defendant concedes that she has established three of the four elements and there are disputed material issues of fact on the element of whether she was satisfactorily performing her job.

B. Legitimate Nondiscriminatory Reason

There is no dispute that defendant articulates a legitimate

7 - OPINION & ORDER

nondiscriminatory basis for its action that plaintiff fraudulently edited her time cards.

C. Pretext

Plaintiff can establish pretext in two ways: "(1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." Chuang v. University of Ca. Davis, Bd. of Trustees, 225 F.3d 1115, 1127 (9th Cir. 2000). Plaintiff does not need to prove both at summary judgment. To survive summary judgment, plaintiff is not required to provide direct evidence of discriminatory intent as long as a reasonable factfinder could conclude, based on plaintiff's prima facie case and the factfinder's disbelief of defendant's reasons for discharge, that discrimination was the real reason for defendant's actions. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918 n.2 (9th Cir. 1996).

Additionally, plaintiff does not have to introduce additional, independent evidence of discrimination at the pretext stage. Chuang, 225 F.3d at 1127. Rather, "a disparate treatment plaintiff can survive summary judgment without producing any evidence of discrimination beyond that constituting his prima facie case, if that evidence raises a genuine issue of material fact regarding the truth of the employer's proffered reasons." Id.

A plaintiff is required to produce "very little" direct evidence of an employer's discriminatory intent to move past summary judgment. Id. at 1128. Direct evidence of discrimination is "evidence, which, if believed, proves the fact of discriminatory

8 - OPINION & ORDER

animus without inference or presumption." <u>Godwin v. Hunt Wesson, Inc.</u>, 150 F.3d 1217, 1221 (9th Cir. 1998) (internal quotation and brackets omitted). Alternatively, the plaintiff may come forward with circumstantial evidence that the employer's proffered reasons were pretextual, but such circumstantial evidence must be "specific" and "substantial" to create a triable issue of fact as to whether the employer intended to discriminate. <u>Id.</u> at 1222.[1]

Circumstantial evidence "can take two forms." <u>Coghlan v. American Seafoods Co. LLC</u>, 413 F.3d 1090, 1095 (9th Cir. 2005). The plaintiff can make an affirmative case that the employer is biased by relying on statistical evidence. <u>Id.</u> Or, "the plaintiff can make his case negatively, by showing the employer's proffered explanation for the adverse action is 'unworthy of credence.'" <u>Id.</u> (quoting <u>Texas Dep't of Comm. Affairs v. Burdine</u>, 450 U.S. 248, 256 (1981)). As the Supreme Court explained in <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 147 (2000), "[p]roof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." Moreover, "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may

---

[1] <u>But see</u> <u>Cornwell v. Electra Cent. Credit Un.</u>, 439 F.3d 1018, 1030-31 (9th Cir. 2006) (discussing whether post-<u>Godwin</u> cases may have overturned the <u>Godwin</u> requirement that a plaintiff's circumstantial evidence of pretext must be "specific and "substantial," but not finally deciding the issue because the evidence presented by the plaintiff was sufficient to create a genuine issue of fact regarding the defendant's motive for its actions under the <u>Godwin</u> specific and substantial standard in any event).

9 - OPINION & ORDER

permit the trier of fact to conclude that the employer unlawfully discriminated." Id. at 148.

Plaintiff produces evidence which establishes the required specific and substantial circumstantial evidence of pretext. First, plaintiff notes the extremely short period of time between defendant's learning of plaintiff's pregnancy on January 1, 2004, its initiation of an investigation on January 6, 2004, and its termination on January 13, 2004. Ninth Circuit precedent indicates that causation may be inferred from timing. Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 507 (9th Cir. 2000).

Next, it is undisputed that during the January 9, 2004 meeting regarding her time card edits, Gregory Kuypers, defendant's Regional Asset Protection Manager, asked plaintiff why she had not informed her supervisor of her pregnancy and what her plans were for the pregnancy. Plaintiff asserts that not only did Kuypers ask those questions, but that the first issue raised by Kuypers at the meeting was plaintiff's pregnancy and that he asked her in an angry tone, "Why did you not inform Jimmy [Williams] that you were pregnant?" and then asked "What's your plan for this pregnancy?" Although defendant disputes the timing of the questions and the tone, on summary judgment I must accept plaintiff's version of the exchange.

Plaintiff also brings forth facts creating an inference that defendant failed to conduct a complete investigation into her time card practices and failed to allow her to explain each of her alleged edits. Thus, a reasonable factfinder could conclude that defendant was not truly interested in her explanation for her actions and therefore, the investigation and January 9, 2004

10 - OPINION & ORDER

meeting was a sham intended to cover-up that plaintiff's pregnancy was the true reason defendant was terminating her.

Additionally, plaintiff's evidence creates a question of a double standard where other managers who claim to have never edited their own time cards actually did. Plaintiff's evidence also indicates that her time cards were reviewed for years by the managers who terminated her, but never before had she received any comments on her pattern of edits or corrective action or counseling regarding her edits. It was only after defendant learned she was pregnant on January 1, 2004, that plaintiff is aware of her time cards becoming an issue.

While defendant disputes some of this evidence, or the inferences to be drawn from it, it is clear that on a summary judgment motion, plaintiff's version of disputed facts must be accepted and all reasonable inferences must be drawn in her favor. Here, the cumulative circumstantial evidence creates a question of pretext.[2] While plaintiff may have significant proof problems at trial, the disputed issues and inferences are not for this Court to decide at summary judgment. I deny defendant's motion on the Title VII and O.R.S. 659A claims.

II. Wrongful Discharge Claim

To sustain a claim for wrongful discharge under Oregon common law, plaintiff must show that she was discharged, and that the discharge was wrongful. McGanty v. Staudenraus, 321 Or. 532, 551 901 P.2d 841, 853 (1995). Wrongfulness may be shown if the

---

[2] I do not consider here any evidence challenged by defendant as inadmissible based on lack of personal knowledge or hearsay.

11 - OPINION & ORDER

employee establishes that she was discharged for fulfilling a societal obligation or for pursuing an employment-related right of public importance. Dunwoody v. Handskill Corp., 185 Or. App. 605, 609-12, 60 P.3d 1135, 1138-39 (2003). As for the latter, the employment-related right "must relate to the person's role as an employe and must be identified in the statutes, constitution or case law as one of important public interest." Sieverson v. Allied Stores Corp., 97 Or. App. 315, 319, 776 P.2d 38, 40 (1989).

Notably, a wrongful discharge claim is not available to a plaintiff who alleges that she was discharged in violation of a right in contrast to being discharged for pursuing that right. Thus, in Cross v. Eastlund, 103 Or. App. 138, 796 P.2d 1214 (1990), the Oregon Court of Appeals explained that an employee who claims to have been discharged because of pregnancy does not have a wrongful discharge claim because she does not assert that she pursued any right, but only that she was discharged in violation of a right. Id. at 142, 796 P.2d at 1216.

The court in Cross cited the earlier case of Kofoid v. Woodard Hotels, Inc., 78 Or. App. 283, 716 P.2d 771 (1986), in support of its decision. There, the court explained in a case where the plaintiff alleged she was terminated because of her sex, that while an alleged motive of eliminating women from a dining room's service staff is socially undesirable and offends an important public interest, the plaintiff's claim was missing an element because she alleged she was fired for being female, not for pursuing a private right. Id. at 287, 716 P.2d at 773. The court stated:

> A discharge because of sex is not within any of the pursuance of rights or obligations exceptions to the rule of at will discharge, and it is clear that the Supreme

12 - OPINION & ORDER

>     Court has not yet recognized common law actions for wrongful discharge other than those exceptions. . . . In all other cases, the statutory action is the only remedy, in addition to the administrative complaint procedure available through the Bureau of Labor.

Id. at 287-88, 716 P.2d at 774-75 (internal quotation omitted).

Defendant moves for summary judgment on plaintiff's wrongful discharge claim because defendant argues, the basis of the claim is that plaintiff was terminated because of her pregnancy, a claim prohibited under Oregon law.

In response, plaintiff argues that defendant misinterprets her claim. Although her discrimination claims are based on her status as a pregnant female, her wrongful discharge claim is based on her pursuit of her right to time off on January 1, 2004, for medical reasons following a car accident on her way to work in the morning. I agree with plaintiff that her Amended Complaint raises this claim and that the evidence presented in response to defendant's motion indicates there are issues of fact precluding summary judgment to defendant on the claim.

First, in her Amended Complaint, plaintiff alleged that her termination "was motivated in substantial part on the basis of her pregnancy, her gender, <u>her request for time off of a partial day due to her concern for injuries related to her pregnancy</u>, . . . . Am. Compl. at ¶ 29 (emphasis added).

Second, although defendant disputes how many times on January 1, 2004, plaintiff requested permission to close her store early and take time off for medical attention, there is no dispute that this occurred at least once on that date. Plaintiff contends that she contacted Greg Fuentes several times throughout the day to obtain coverage for her store and request to leave early due to

13 - OPINION & ORDER

health concerns. She alleges she told him "numerous times" that she did not feel well enough to work. She also alleges that she called Woldrich several times throughout the day and asked him if she could close the store, finally telling him that she was pregnant and wanted to go to the doctor's office. On summary judgment, I must accept plaintiff's evidence as true.

In a 2004 case, the Oregon Court of Appeals case held that an allegation that an employee was terminated because she sought time off from work to obtain medical care for a serious medical condition, stated a wrongful discharge claim. Yeager v. Providence Health Sys. Or., 195 Or. App. 134, 143, 96 P.3d 862, 867, rev. denied, 337 Or. 658, 103 P.3d 641 (2004). The court explained that Oregon statutes, specifically the Oregon Family Leave Act (OFLA), showed that allowing employees to take reasonable leave for medical reasons was an important public policy. Id. at 141, 96 P.3d at 866. The court further explained that the public policy still applies even if the employee is not, in the end, entitled to the right pursued, as long as the employee's action at issue is a good faith invocation of a statutory right. Id. at 141-43, 96 P.3d 866-67.

Plaintiff here does not assert a retaliation claim directly under OFLA. If she had, I would likely reject it based on the reasoning I expressed in Stewart v. Sears Roebuck & Co., No. CV-04-428-HU, Supp'l Findings & Recommendation (D. Or. Apr. 15, 2005) (adopted by Judge Mosman, June 29, 2005). But, as noted in the preceding paragraph, Yeager teaches that the invalidity of the actual OFLA claim is not an impediment to asserting a common law wrongful discharge claim based on a theory that one was discharged

14 - OPINION & ORDER

in retaliation for one's good faith assertion of an OFLA right. Therefore, while plaintiff may not have had a viable OFLA claim directly under OFLA, she is entitled to pursue her wrongful discharge claim at trial based on a theory that defendant terminated her because of her actions on January 1, 2004, in invoking, in good faith, what she believed to be her OFLA right to time off for medical reasons. While plaintiff may face proof problems at trial in sustaining this claim, I cannot say on this record that no reasonable juror could not find in her favor and thus, I deny summary judgment to defendant on plaintiff's wrongful discharge claim.[3]

## CONCLUSION

Defendant's motion for summary judgment (#30) is denied.

IT IS SO ORDERED.

Dated this _____ day of _____, 2006.

_____
Dennis James Hubel
United States Magistrate Judge

---

[3] Although not raised by plaintiff, I also note that plaintiff may be able to sustain her wrongful discharge claim without reference to the pursuit of an OFLA-related right if she can show that she was terminated for pursuit of her right to be free of pregnancy discrimination. That is, if she can show that defendant would have granted a request for time off for medical reasons by a non-pregnant female or male employee, and if her termination was motivated not by the status of being pregnant, but by her pursuit, demonstrated by her alleged numerous requests to Fuentes and Woldrich on January 1, 2004, of her right to be free from discrimination, then she may have a wrongful discharge claim without reliance on the pursuit of an OFLA right.

15 - OPINION & ORDER