```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF OREGON

MYA DUNN,                      )
                               )
               Plaintiff,      )
                               )    No.  CV-05-116-HU
     v.                        )
                               )
CSK AUTO, INC., an Arizona     )
corporation, dba SCHUCK'S AUTO )
SUPPLY,                        )    ORDER
                               )
               Defendant.      )
_____)

Charese A. Rohny
CHARESE ROHNY LAW OFFICE
1515 S.W. Fifth Avenue, Suite 1010
Portland, Oregon 97204

    Attorney for Plaintiff

Eric A. Lindenauer
Joy Ellis
GARVEY SCHUBERT BARER
121 S.W. Morrison Street
Portland, Oregon 97204-3141

    Attorneys for Defendant
```

HUBEL, Magistrate Judge:

On July 31, 2006, a jury awarded plaintiff $225,000 in non-economic compensatory damages on a Title VII pregnancy discrimination claim. The jury also awarded plaintiff $250,000 in

1 - ORDER

punitive damages on this claim.

In a subsequent Opinion, I awarded plaintiff $16,239.48 in past lost wages on her Title VII claim and a parallel claim under Oregon Revised Statute § (O.R.S.) 659A.030. Aug. 11, 2006 Op. & Ord. I rejected plaintiff's claim for front pay. Id. In that Opinion, I also noted that based on the parties' oral stipulation following receipt of the verdict, the Judgment in this case would reflect the $300,000 statutory cap on compensatory and punitive damages found in 42 U.S.C. § 1981a(b)(3)(D), on the Title VII claim. Thus, the total damages recovered by plaintiff on her Title VII and O.R.S. 659A.020 claims in the Judgment was $316,239.48.

Following entry of Judgment on August 15, 2006, defendant moved for judgment as a matter of law on the punitive damages award only. I denied that motion on October 26, 2006. During the hearing on that motion, however, I raised the issue of how the $300,000 damages on the Title VII claim should be allocated between punitive and compensatory damages. The parties then briefed the issue, advocating for competing methods.

Having considered the briefing, I order that the $300,000 in damages on the Title VII claim be attributed first to the $225,000 in compensatory damages, with the remainder of $75,000 to be considered punitive damages.

As the Seventh Circuit recognized, 42 U.S.C. § 1981a(b)(3), which establishes the cap for compensatory and punitive damages, "contains no command as to how a district court is to conform a jury award to the statutory cap." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 441 (7th Cir. 1997). Nor is there any well-defined case law.

2 - ORDER

1       Although defendant's arguments in support of a proportionate
2  award of $142,105 in compensatory damages, and $157,895 in punitive
3  damages, are well-taken, given the post-judgment challenge by
4  defendant to the punitive damages award, and the likely challenge
5  to that award on appeal, I conclude that it is prudent to award
6  plaintiff the full amount of compensatory damages, followed by a
7  reduced amount of punitive damages.  This will preserve the full
8  amount of compensatory damages to plaintiff should defendant
9  prevail on its appeal of the punitive damages award.  It will also
10 require no change to the compensatory damage award by this Court
11 after such an appeal.
12      Moreover, as plaintiff notes, it is reasonable to keep intact
13 that portion of the jury's award directed personally to plaintiff
14 in order to make her whole and limit the portion of the award
15 targeted to the punishment of defendant.  At least one court has
16 reached a similar result.  See Gile v. United Airlines, Inc., 213
17 F.3d 365, 371, 375-76 (7th Cir. 2000) (jury awarded $200,000 in
18 compensatory damages and $500,000 punitive damages, but judgment
19 capped damages at $300,000; punitive damage award reversed on
20 appeal, "leaving [plaintiff] with a judgment for $200,000 in
21 compensatory damages.").
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

3 - ORDER

CONCLUSION

The $300,000 damages award on the Title VII claim is allocated as $225,000 in compensatory damages and $75,000 in punitive damages.

IT IS SO ORDERED.

Dated this  24th  day of  January , 2007.


                                        /s/ Dennis James Hubel
                                      Dennis James Hubel
                                      United States Magistrate Judge

4 - ORDER